# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**CARLA ALEXANDER,**

    **Plaintiff,**

**v.**                                                                         **No. 19-cv-0509 JB/SMV**

**DENA KIRKPATRICK and**
**TERI GEORGE,**

    **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION TO DENY PLAINTIFF'S REQUEST TO RETURN THIS CASE TO THE FIFTH JUDICIAL DISTRICT COURT OF NEW MEXICO

THIS MATTER is before the Court on Plaintiff's Request to Return This Case to the Fifth Judicial District Court of New Mexico ("Motion to Remand") [Doc. 12], filed on August 1, 2019. Defendants responded on August 12, 2019. [Doc. 14]. Plaintiff has not replied, and the time for doing so has passed. *See* D.N.M.LR-Civ. 7.4(a); Fed. R. Civ. P. 6(d). The Honorable James O. Browning, United States District Judge, referred this matter to me for analysis and a recommended disposition. [Doc. 16]. I have considered the briefing, the relevant portions of the record, and the relevant law. Being otherwise fully advised in the premises, I recommend that Petitioner's Motion be DENIED.

## BACKGROUND

On March 29, 2019, Plaintiff, through her counsel James W. Klipstine, Jr., sued Defendants in state court for damages and a declaratory judgment related to Defendants' purported exercising of "undue and improper influence over [decedent and Plaintiff's father] Ronald Dal Alexander." [Doc. 1] at 6. This influence allegedly caused Mr. Alexander to transfer the bulk of his estate to

Defendants (Plaintiff's sisters) via two transfer-on-death deeds, i.e., outside of a will. *Id.* As a result, Plaintiff allegedly lost an interest in this property when her father died. *See id.*[1]

Defendants removed the case to this Court on the basis of diversity jurisdiction on June 4, 2019. *Id.* at 1–2. They assert that complete diversity exists because Plaintiff is a citizen of New Mexico and Defendants are citizens of Texas. *See id.* at 2. Defendants simultaneously filed the notice of removal in state court on June 4, 2019. *See Alexander v. Kirkpatrick*, D-506-CV-201900544. Fourteen days later, Plaintiff, through Mr. Klipstine, filed a motion to amend the complaint in state court, seeking to add the estate of Ronald Dal Alexander as a party. *See* [Doc. 12] at 2. On the same day, again through Mr. Klipstine, she filed objections to removal in state court, asserting that the addition of Mr. Alexander's estate to the case would destroy complete diversity. *See id.* The state court has taken no action on her case since the June 4, 2019 removal, and no court has added Mr. Alexander's estate to this case. Plaintiff filed her Motion to Remand pro se[2] in federal court on August 1, 2019. [Doc. 12].

## ANALYSIS

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a) (2018). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952,

---

[1] No indication exists that Plaintiff's Complaint triggers the probate exception to federal jurisdiction because she does not ask the Court to probate a will or to administer Mr. Alexander's estate. *See Marshall v. Marshall*, 547 U.S. 293, 310–11 (2006).

[2] Though Mr. Klipstine represented Plaintiff in state court, she proceeds pro se in federal court because Mr. Klipstine has been suspended and denied readmission to practice in the District of New Mexico. *See In re James W. Klipstine, Jr.*, 11-mc-0021 RB/WJ/SMV, [Doc. 20] (Order Denying Application for Readmission).

955 (10th Cir. 2002). Though the court must construe the filings of pro se parties liberally, *White v. City of Albuquerque*, No. 12-cv-0988 MV/KBM, 2015 WL 12915580, at *1 (D.N.M. Jan. 9, 2015), the court cannot "assume the role of advocate for the pro se litigant," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff writes one single sentence in support of her Motion to Remand: "I, Carla Alexander, the plaintiff in this case[,] would ask this Court to consider the objection filed in the District Court of Lea County, New Mexico attached hereto and order the return of this case to that court." [Doc. 12] at 1. The "objection" to which she refers is her "Objection to Removal," filed in state court through Mr. Klipstine, arguing that the mere presence of the motion to amend the complaint pending in state court should preclude complete diversity of the parties because the motion to amend seeks to add an allegedly nondiverse party to this action. *See id.* at 2. Presumably, Plaintiff believes that the state court will grant her motion to amend the complaint, and complete diversity will no longer exist.

I reject this argument. Plaintiff improperly filed this "Objection" (and the motion to amend itself) in state court after removal occurred. *See* [Doc. 12] at 2–3. Generally, documents filed in state court after removal are legal nullities, and the state court no longer has jurisdiction to enter any substantive orders once a case is removed to federal court. *See* 28 U.S.C. § 1446(d) (2018) ("[After removal,] the State court shall proceed no further unless and until the case is remanded."); Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3736 (Rev. 4th ed. 2019) ("[N]umerous courts have ruled that any post-removal proceedings in the state court are considered coram non judice and will be vacated by the federal court . . . ."); *id.* § 3739 (collecting cases holding that litigants must file objections to removal in federal, not state, court). Therefore,

Plaintiff's reliance on her state-court "Objection" and motion to amend the complaint is misplaced; those documents effectively do not exist. Those documents represent legal nullities that have no bearing on any part of the removed action. Relatedly, the state court *cannot* grant Plaintiff's motion to amend the complaint because, once Defendants removed the case, the state court lost its jurisdiction to decide any motion. The allegedly nondiverse party—Mr. Alexander's estate—will not enter the case at this time. If Plaintiff wanted these documents to have any effect on the instant case, she should have filed them in federal court.

## CONCLUSION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Request to Return This Case to the Fifth Judicial District Court of New Mexico [Doc. 12] be **DENIED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**