IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLA ALEXANDER,

    Plaintiff/Counter-defendant,

v.                                                                                 No. 19-cv-0509 JB/SMV

DENA KIRKPATRICK and
TERI GEORGE,

    Defendants/Counterclaimants.

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before me on Defendants' Motion to Dismiss [Docs. 22, 25], filed on September 6, 2019. Plaintiff never responded, and the time for doing so has passed. The Honorable James O. Browning, United States District Judge, referred the case to me for proposed findings and a recommended disposition. [Doc. 16]. I have considered the briefing, the relevant portions of the record, and the relevant law. Being otherwise fully advised in the premises, I recommend that Defendants' Motion be GRANTED and that Plaintiff be given 30 days to move to amend her Complaint.

## BACKGROUND

The instant dispute arises over a series of transfer-on-death deeds that allegedly deprived Plaintiff of an expectation in her father's estate. Plaintiff's father, Ronald Dal Alexander ("Ronald"), owned a farm in Lea County, New Mexico. [Doc. 1] at 5. Plaintiff worked at the farm for at least 20 years. *Id.* Plaintiff's sisters—Defendants Dena Kirkpatrick and Teri George—

had not worked on the farm. *Id.* at 6. Ronald executed a will on December 13, 2017, specifying that Plaintiff, Kirkpatrick, and George would share equally in his estate after he died. *Id.*

Plaintiff alleges that on or about April 16, 2018, Defendants, "exercising undue and improper influence over Ronald Dal Alexander[,] cause[d] him to execute two Transfer on Death deeds." *Id.* These deeds "conveyed the bulk of the estate to [Defendants] and exclude[d] Plaintiff . . . from any interest in the farm." *Id.* Ronald also executed transfer-on-death deeds transferring other property to Plaintiff. [Doc. 6] at 3–4. Ronald died two days later. [Doc. 1] at 6.

## PROCEDURAL HISTORY

Plaintiff filed her Complaint in New Mexico state court on March 29, 2019. [Doc. 1] at 5. She brings three causes of action against Defendants. First, she requests that the Court declare the transfer-on-death deeds transferring property to her sisters invalid because her father "may not have been competent to execute the deeds" or, alternatively, because "the acts of Defendant[s] were intended to override the will of [her father] and Defendants induced him by improper means to execute the deeds." *Id.* at 6. Second, she claims that by depriving her of an interest in the farm, Defendants were unjustly enriched. *Id.* at 7–8. Third, she claims that by "intentionally attempt[ing] to void the express wishes of [her father] to distribute his estate in a manner . . . allow[ing] Plaintiff to continue to operate the family farming business," Defendants committed a prima facie tort. *Id.* at 8.

Defendants removed the case to federal court on June 4, 2019, based on diversity jurisdiction. [Doc. 1]. They filed their Amended Answer and Counterclaim on November 24, 2019. [Doc. 28]. In their Amended Counterclaim, Defendants seek a declaratory judgment

2

validating all transfer-on-death deeds signed by Ronald on or about April 16, 2018. [Doc. 28] at 4–5.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility requires that the plaintiff plead facts that allow "the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action" because "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "The court must view all reasonable inferences in favor of the plaintiff . . . ." *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Rule 12(b)(6) analysis requires two inquiries. First, courts identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations that are legal conclusions, bare assertions, or merely conclusory. *Iqbal*, 556 U.S. at 678. Second, courts consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 680–81. If the allegations state a plausible claim for relief, such claim survives the motion

to dismiss. *See id.* at 682–83. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Id.* at 678.

Plaintiff proceeds pro se. Pro se pleadings are interpreted liberally, *see Swoboda v. Dubach*, 992 F.2d 286, 289 (10th Cir. 1993), though they must comply with the basic requirements of the Federal Rules of Civil Procedure, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quoting *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994)).

**ANALYSIS**

Defendants move to dismiss Plaintiff's unjust-enrichment claim and prima facie tort claim.[1] They contend that the Court should dismiss Plaintiff's unjust-enrichment claim because Plaintiff fails to allege facts regarding the manner in which Defendants deprived her of her expectation in her father's estate. *Id.* at 3. They argue that Plaintiff's prima facie tort claim should be dismissed because she makes only conclusory allegations regarding Defendants' alleged intent to harm her. *Id.* at 4.

Plaintiff never responded to the Motion to Dismiss, but that failure does not mean that the Motion should automatically be granted. The Court cannot grant a motion to dismiss based solely on a plaintiff's failure to respond; it must consider the merits of the motion. *See Issa v. Comp USA*, 354 F.3d 1174, 1177–78 (10th Cir. 2003). Accordingly, "the Court treats an issue to which no timely response is made as unopposed and resolves the issue in favor of the moving party *unless*

---

[1] Defendants originally moved to dismiss Plaintiff's declaratory-judgment claim as well, *see* [Doc. 22] at 4–5, but later filed a Notice of Withdrawal of that request, *see* [Doc. 25]. Plaintiff never objected to the withdrawal, and her silence constitutes consent to the withdrawal. *See* D.N.M.LR-Civ. 7.7.

it would be incorrect or improper to do so." *Baumeister v. N.M. Comm'n for the Blind*, 425 F. Supp. 2d. 1250, 1268 (D.N.M. 2006) (emphasis added).

**A.     Unjust Enrichment**

To state a claim for unjust enrichment in New Mexico, the plaintiff must allege that "(1) another has been knowingly benefitted at one's expense (2) in a manner such that allowance of the other to retain the benefit would be unjust." *Ontiveros Insulation Co. v. Sanchez*, 2000-NMCA-051, ¶ 11, 129 N.M. 200. "It is axiomatic . . . that courts provide remedy in quantum meruit to prevent *unjust* enrichment. . . . [I]t would not be enough that [the defendant were] merely enriched at [the plaintiff's] expense: That enrichment must also be unjust." *Id.* ¶ 14.

Defendants argue that Plaintiff has asserted only conclusory allegations concerning her unjust-enrichment claim. They argue that she "refers to Defendants' 'actions,' but fails to offer any specific facts that would show that" Defendants knew about her working history at the farm or that Defendants "were 'knowingly benefitted' in an unjust manner." [Doc. 22] at 3. Unjust-enrichment claims often turn on the particular facts of each case, making it especially important that the plaintiff identify the precise factual assertions allegedly supporting her claim. *See Ontiveros*, 2000-NMCA-051, ¶ 10; *see also Menocal v. GEO Grp., Inc.*, 320 F.R.D. 258, 268 (D. Colo. 2017) (stating that, under Colorado law, "[d]etermining whether retention of the benefit is unjust involves 'careful consideration of particular circumstances' and 'a fact-intensive inquiry in which courts look to, among other things, the intentions, expectations, and behavior of the parties'" (first quoting *Lewis v. Lewis*, 189 P.3d 1134, 1141 (Colo. 2008); and then quoting *Melat, Pressman & Higbie, L.L.P. v. Hannon Law Firm, L.L.C.*, 287 P.3d 842, 847 (Colo. 2012)).

Plaintiff's allegations concerning her unjust-enrichment claim are largely conclusory and devoid of factual allegations that I may accept as true. As Defendants argue, Plaintiff states that Defendants, "by their actions," deprived Plaintiff of the benefit of the farm. [Doc. 1] at 7. Plaintiff provides the following description of "their actions" in her Complaint:

> On or about April 16, 2018[,] Defendants Dena Kirkpatrick and Teri George[,] exercising undue and improper influence over Ronald Dal Alexander[,] cause[d] him to execute two Transfer on Death deeds which conveyed the bulk of the estate to them and exclud[ed] Plaintiff Carla Alexander from any interest in the farm on which she had worked.

*Id.* at 6. She offers nothing more specific. This sentence does not allege what actions Defendants took or how they exercised undue or improper influence. Without knowing the precise actions that Defendants took, insufficient facts exist to determine whether they received a benefit unjustly. Even liberally reading her Complaint, it alleges too few factual allegations regarding the circumstances of the deeds' execution and relies almost entirely on legal conclusions. The most that I may infer from Plaintiff's Complaint is that Defendants acted and Ronald transferred property to them—not that the transfer was improper. Though Plaintiff alleges that Defendants, using "undue and improper influence," *id.*, caused Ronald to transfer property to them, because such allegations are conclusory, Plaintiff cannot rely on them to defeat the Motion to Dismiss.

Simply put, Plaintiff alleges virtually no facts that I may rely on when considering the circumstances surrounding her father's allegedly improper transfer of property. Absent those facts, I cannot infer that Defendants received a benefit unjustly. I therefore recommend finding that Plaintiff's Complaint fails to state a claim for unjust enrichment.

### C. Prima Facie Tort

To state a claim for prima facie tort in New Mexico, the plaintiff must allege (1) an intentional and lawful act, (2) an intent to injure the plaintiff, (3) an injury to the plaintiff as a result of the intentional act, and (4) the absence of justification for the act. *Border Area Mental Health, Inc. v. United Behavioral Health, Inc.*, 331 F. Supp. 3d 1308, 1318 (D.N.M. 2018). "[T]o plead a viable claim for prima facie tort, [the plaintiff] must allege that [the defendant] acted intentionally with a specific intent to injury [her]." *Id.*

Defendants argue that Plaintiff has insufficiently pleaded a prima facie tort claim for two reasons. First, they argue that Plaintiff fails to provide any facts that support her assertion that they intended to harm her. [Doc. 22] at 4. Second, they argue that Plaintiff fails to identify any intentional act taken by Defendants that caused Plaintiff harm. *Id.* Because I agree with Defendants' first argument, I need not reach the second. Though Plaintiff alleges that Defendants "intended their acts to cause harm to Plaintiff or in the alternative knew their acts would cause harm to Plaintiff," [Doc. 1] at 8, she says nothing more than this. She gives no factual allegations to underpin her conclusory statement. Moreover, as stated above, though Plaintiff alleges that Defendants used undue and improper influence to cause Ronald to transfer property to them, such a conclusory statement is not supported by factual allegations in the Complaint. Because the Complaint is devoid of factual allegations that Defendants acted with a specific intent to injure Plaintiff, I recommend finding that she has not stated a claim for a prima facie tort. *See Border Area Mental Health, Inc.*, 331 F. Supp. 3d at 1319.

**D.     Leave to Amend**

I recommend granting Plaintiff leave to amend her Complaint to cure the above-listed defects. "[D]ismissal of a pro se complaint for failure to state a claim is proper *only* where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (emphasis added) (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001)); *see* Fed. R. Civ. P. 15(a)(2) (allowing a court to "freely give leave [to amend] when justice so requires"); *Doe v. Heil*, 533 F. App'x 831, 847 (10th Cir. 2013); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991) ("[P]ro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings."); 6 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1473 (3d ed. 2019) ("[P]leadings are not an end themselves but are only a means to assist in the preparation of a case to enable it to be decided on the merits. In order to further this policy, the court, on its own initiative, may require the parties to amend to avoid dismissal . . . ." (footnote omitted)).

Without expressing a view as to the merits of Plaintiff's case, I believe that it is possible that an amended complaint with a more developed factual basis could state a plausible claim on which relief could be granted. Plaintiff proceeds pro se, and given the strong preference for resolving cases on the merits, I recommend allowing her the opportunity to amend her Complaint to attempt to resolve the issues outlined above. To that end, I recommend granting Defendants' Motion to Dismiss but allowing Plaintiff 30 days to move to amend her Complaint to correct the above-listed defects.[2]

---

[2] Plaintiff is reminded that though she proceeds pro se, she must comply with all court rules that outline the process for requesting leave to amend. *Yang*, 525 F.3d at 927 n.1; *see, e.g.*, D.N.M.LR-Civ. 15.1.

## CONCLUSION

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Defendants' Motion to Dismiss [Docs. 22, 25] be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff be granted 30 days to move to amend her Complaint, or her unjust-enrichment and prima facie tort claims would be subject to dismissal with prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**